## White v. Soo
### [Cite as 7 AOA 97]

Case No. 1-89-9
Allen County, (3rd)
Decided September 4, 1990

Charles C. Redmond, Attorney at Law, 519 National City Bank Bldg., Cleveland, Ohio 44114, for Plaintiff-Appellant.

Walter L. White, 1004 Bank One Tower, Lima, Ohio 45801, for Plaintiff-Appellant.

Lawrence S. Huffman, Gooding, Huffman and Kelley, 127-129 North Pierce Street, P.O. Box 546, Lima, Ohio 45802, for Defendants-Appellees.

FAIN, J.

Plaintiff-appellant Don O. White, Jr., appeals from a summary judgment for defendants-appellees based upon the statute of limitations and the doctrine of res judicata. White contends that the previous judgment of the trial court, upon which the trial court based its application of the doctrine of res judicata, was merely to the effect that White's attempted invocation of the savings statute to avoid the bar of the statute of limitations was premature. White contends that his subsequent action, filed within the one-year period succeeding the dismissal of his original action otherwise than upon the merits, qualified under the savings provision contained in R.C. 2305.19, to avoid the bar of the statute of limitations.

We agree with White. Accordingly, the judgment of the trial court will be reversed and this cause will be remanded for further proceedings.

### I

This appeal involves three different cases filed in the trial court, all of which involve the same underlying cause of action. White's decedent died in 1984, and the underlying cause of action is a medical malpractice action against the hospital and physicians who treated White's decedent.

The problem raised in this appeal had its origin in White's decision, after the time for demanding a jury as a matter of right had expired, to seek a jury trial in this cause of action. The original action (First Case), was filed in 1985. White's motion for a jury trial was overruled in 1986.

At that time, Frysinger v. Leech (1987), 32 Ohio St. 3d 38, in which it was held that a plaintiff's voluntary dismissal pursuant to Civ. R. 41(A)(1) constitutes a failure otherwise than upon the merits within the meaning of the savings provision in R.C. 2305.19, had not yet been decided. Therefore, White could not safely voluntarily dismiss the First Case in order to refile and demand a jury, since the statute of limitations had run. Consequently, White filed a motion for the dismissal of his complaint, without prejudice. The trial court granted his motion, but imposed as a condition of the dismissal the condition that any subsequently filed action be tried without a jury. This was unsatisfactory to White, and White appealed.

This court reversed the trial court's conditional order of dismissal, holding that a trial court could not properly impose such a condition. The First Case was then remanded to the trial court for further proceedings.

Upon remand, the trial court denied White's motion to dismiss. By this time, early 1988, Frysinger v. Leech, supra, had been decided. After the Frysinger v. Leech decision, but before this court's decision in the appeal from the First Case, White filed essentially the same cause of action (the Second Case), this time including a jury demand. Thus, when the trial court, upon remand in the First Case, denied

White's motion to dismiss, the First and Second Cases were both pending.

A few days after the denial of White's motion to dismiss the First Case, White voluntarily dismissed that case pursuant to Civ. R. 41(A)(1). About a week later, White filed an amended complaint in the Second Case, which was then the only case pending, adding the Lima Memorial Hospital as a defendant.

Subsequently, the trial court sustained the Hospital's motion to dismiss the Second Case holding that the savings provision found in R.C. 2305.19 could not be invoked to save the Second Case from the bar of the statute of limitations, because the Second Case, which had been filed while the First Case was still pending, had not been filed "within one year" after the failure of the plaintiff in the First Case otherwise than upon the merits.

White did not appeal from the dismissal of the Second Case, but filed a new cause of action, with a jury demand (the Third Case). The defendants-appellees moved for summary judgment in the Third Case, contending that it was barred by the statute of limitations. Although the Third Case was filed within one year after White's voluntary dismissal of his First Case, defendants-appellees argued that the dismissal of the Second Case, upon statute of limitations grounds, required the application of the doctrine *res judicata* so as to bar the Third Case upon statute of limitations grounds. The trial court agreed, and rendered summary judgment in favor of defendants-appellees.

From the summary judgment rendered against him, White appeals.

## II

White's sole Assignment of Error is as follows:

"THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IN THAT THE CASE NO. 88-CIV-194 WAS THE ONLY CAUSE INVOLVING THE SAME PARTIES AND THE SAME SUBJECT MATTER THAT WAS TIMELY FILED UNDER O.R.C. 2305.19 AFTER THE ORIGINAL CASE NO. 85-CIV-0164 WAS VOLUNTARILY DISMISSED BY PLAINTIFF PURSUANT TO CIV. RULE 41(A)(1) AND *FRYSINGER VS. LEECH* (1987), 32 OHIO ST. 3D 38; THAT THE COURT'S PRIOR DISMISSAL OF CASE NO. 87-CIV-583 BY REASON THAT IT WAS FILED

*BEFORE* THE ONE YEAR SAVINGS CLAUSE IN O.R.C. 2305.19 HAD STARTED TO RUN *WAS* A PROCEDURAL DISMISSAL AND NOT ON THE MERITS."

It is clear from the record, and the parties do not dispute, that the holding of the trial court when it dismissed the Second Case was that that case could not be saved from the bar of the statute of limitations by the one-year savings provision found in R.C. 2305.19, because that case, the Second Case, was filed while the First Case was still pending, so that it was not filed "within one year after", the date that the plaintiff failed otherwise than upon the merits.

The doctrine of *res judicata,* a principle designed to promote the finality of judgments and the efficient and orderly administration of justice, has been explained by the Ohio Supreme Court as follows:

"A point of law or a fact which is actually and directly an issue in the former action and was there passed upon and determined by a court of competent jurisdiction, may not be drawn in question in a subsequent action between the same parties or their privies. The prior judgment estops a party or a person in privity with him from subsequently relitigating the identical issue raised in the prior action." *Trautwein v. Sorgenfrei* (1979), 58 Ohio St. 2d 493.

In the Second Case between the parties before us, the trial court was called upon to determine whether White had properly invoked the savings provision in R.C. 2305.19, thereby saving his cause of action from the bar of the statute of limitations. The trial court's determination of that issue was dispositive because the trial court held that the savings provision had not been properly invoked, since the Second Case had been filed while the First Case was still pending. The trial court held that in order properly to invoke the savings provision contained in R.C. 2305.19, a plaintiff must bring a new action *after* he has failed, otherwise than upon the merits, in his previous action, and within one year from that failure. In other words, there is a one-year window of opportunity, following a failure otherwise than upon the merits, for a plaintiff to refile.

The trial court held that White had missed this window by filing his Second Case *before* the window opened.

White's filing of the Third Case is *consistent,* rather than inconsistent, with the trial

court's holding in the Second Case. He has followed the trial court's prescription, and has filed his Third Case within the one-year window following his failure, otherwise than upon the merits, in the First Case.

Because White's maintenance of the Third Case is consistent, rather than inconsistent, with the holding of the trial court in the Second Case, it is not barred by the doctrine of *res judicata.*

Defendants-appellees argue that because White failed to appeal the dismissal of his Second Case, he should not be permitted indirectly to attack the dismissal of his Second Case by the expedient of refiling of his cause of action as the Third Case.

In our view, however, White is not attempting to challenge the correctness of the trial court's dismissal of his Second Case. He concedes that the trial court correctly determined that to qualify under the savings provision of R.C. 2305.19, he must bring his new cause of action *after* (and within one year of) the dismissal of the First Case, and not before. White is complying with, rather than challenging, the holding of the trial court when it dismissed his Second Case.

Although the circumstances in this case are somewhat different, we find it to be similar to *Lauer v. Smith* (1899), 1 OCC NS 121, 24 OCC 47, affd 65 Ohio St. 563, in which it was held that the dismissal of an action based solely upon the ground that the action was prematurely brought was no bar to the refiling of that *a* cause of action when it was no longer premature to do so.

White's sole Assignment of Error is sustained.

### III

White's sole Assignment of Error having been sustained, the judgment of the trial court will be reversed, and this cause will be remanded for further proceedings consistent with this opinion.

WOLFF AND WILSON, J.J., concur.

MIKE, FAIN, J., RICHARD K. WILSON, J., and WILLIAM H. WOLFF, J., of the Second Appellate District of Ohio, sitting by assignment in the Third Appellate District.